NATHANIEL F. CUNNINGHAM & others *vs.* VERMONT AND MASSACHUSETTS RAILROAD COMPANY.

The stockholders of a railroad corporation voted to pay interest on subscriptions for stock until the completion of the railroad; and after payment of such interest for some time, and the completion of the road, passed another vote, reciting their pecuniary inability to pay one such dividend in arrear, and authorizing the issue of certificates therefor, payable at a future day named, " with the express understanding and agreement that if there is not sufficient money in the treasury on the day that it falls due," the holders of such scrip should recover *pro rata* so much as the treasurer should be able to pay, and that as soon afterwards as he should be able to pay it he should give notice by advertisement. *Held*, that so long as the treasurer had no funds, the holders of scrip could maintain no action.

ACTION OF CONTRACT against a railroad corporation to recover interest from the 1st of October 1848 to the 15th of April 1849

on assessments paid upon shares in the defendants' capital stock. The case was submitted to the decision of the court upon the following facts:

At the first meeting of the corporation, on the 21st of November 1844, the stockholders passed the following vote: " Voted, that as soon as any assessment or assessments upon the capital stock shall be laid, each subscriber shall have the privilege of paying in at any time the whole amount of his subscription or any portion thereof, provided that such portion be not less than the amount of one or more assessments, and that all subscribers be allowed interest on all sums paid by them up to the time when the road shall be completed and put in operation." On the 12th of February 1845, the stockholders voted " that the directors be authorized to deviate so far from the vote passed at the stockholders' meeting in November last, on the subject of allowance of interest to stockholders, as to arrange a convenient system for the treasurer, by which payments shall be made in uniform sums, and interest be allowed from uniform dates, not earlier than the 1st of March next." In July and October 1848, the directors passed votes that such interest be paid up to the 1st of said October; and it was so paid or allowed.

On the 10th of April 1849, the defendants' directors voted, " that interest on the shares of this corporation shall cease after the 15th of the present month." On the 9th of February 1853, at a meeting of the stockholders, the following vote was passed: " Whereas the stockholders of the Vermont and Massachusetts Railroad did expect an interest dividend in April 1849 ; and whereas the directors were deterred from declaring it as contemplated, by reason of the pecuniary inability of the corporation to meet and pay said dividend; and whereas ever since said date the pecuniary resources of the corporation have been and still are totally inadequate to meet and pay said dividend; but nevertheless, as it is the wish of the stockholders to have this matter settled, it is therefore hereby voted, that the directors be and they are hereby authorized and instructed to declare and adjust said dividends on and after the 15th of April next, by uttering certificates therefor, payable on the 15th of July 1856.

to holders of stock on the 15th of April 1849, or to their order, with this express understanding and agreement, that if there is not sufficient money in the treasury to meet the whole amount of said dividend on the day that it falls due, (15th July 1856,) the holders of said scrip shall each and every of them receive *pro rata* so much as the treasurer is °able to pay; and as soon thereafter as the treasurer is able to pay the balance due on said interest scrips, he shall give due notice of the fact in two or more papers published in the city of Boston."

On the 15th of April 1853, the plaintiffs received the follow‑ ing certificate from the treasurer: " Vermont and Massachusetts Railroad Office, Boston, April 15, 1853. This is to certify that N. F. Cunningham & Co. are entitled to two hundred and thirty and $\frac{75}{100}$ dollars, being interest to April 15, 1849, on seventy one shares of Vermont and Massachusetts Railroad stock, payable to the said N. F. Cunningham & Co., or order, at this office, agreeably to a vote of the stockholders passed February 9th, 1853, a copy of which is on this certificate. John Rogers, Treasurer." A copy of the vote referred to was printed at the foot of the certificate.

The defendants' railroad was completed and put in operation in February 1849. After the 15th of July 1856, and before bringing this action, the plaintiffs demanded payment of the certificate from the treasurer, who answered that there were no funds in his hands to pay any part of it. He has had no such funds since July 15th 1856.

*R. Choate & F. A. Brooks*, for the plaintiffs. Upon the completion of the road the plaintiffs were entitled to interest upon their subscriptions. *Wright* v. *Vermont & Massachusetts Railroad,* 12 Cush. 68. *Waterman* v. *Troy & Greenfield Railroad,* 8 Gray, 433. *Manice* v. *Hudson River Railroad,* 3 Duer, 440.

The liability of the corporation to pay the interest in arrear, and the want of funds to pay it, both existed at the time of the passage of the vote of 1853. That vote did not extinguish the liability, but declared that it should fall due on the 15th of July 1856. If it did not fall due on that day, when will it, and when will the statute of limitations begin to run?

Cunningham & others *v.* Vermont and Massachusetts Railroad Company.

This absolute promise cannot be controlled and defeated by the provision as to a possible deficiency of funds in the treasurer's hands, which must be construed most strongly against those using it. *Blackett* v. *Royal Exchange Assurance Co.* 2 Cr. & Jerv. 251. *Bullen* v. *Denning*, 8 D. & R. 651. *Ewer* v, *Myrick*, 1 Cush. 16. *Cota* v. *Buck*, 7 Met. 588. *Furnivall* v. *Coombes*, 5 Man. & Gr. 736. That clause is in aid of scripholders and not against them, and gives them a preference, as an inducement to stockholders to take the scrip, by providing that such shall have all the money in the treasury at that time. Throughout the vote, the defendants are the only persons stipuating, and all the stipulations are in the affirmative. Affirmative covenants deprive of no rights otherwise given. Com. Dig. Parols, A. 23. Platt on Cov. 19. *Stukeley* v. *Butler*, Hob. 173. *Bott* v. *Burnell*, 11 Mass. 167.

Even if this provision implies that scripholders shall not seek to recover this interest until the defendants shall be in funds, it is no bar to this suit, but can only be availed of by a cross action against the defendants for damages. *Ford* v. *Beech*, 11 Ad. & El. N. R. 852. *Foster* v. *Purdy*, 5 Met. 443. *Perkins* v. *Gilman*, 8 Pick. 229. *Brigham* v. *Eveleth*, 9 Mass. 538. *Tucker* v. *Maxwell*, 11 Mass. 143.

*H. C. Hutchins*, for the defendants.

METCALF, J. The decision in the action of William Wright against these defendants (12 Cush. 68) is conclusive against the maintenance of this suit upon the state of things that existed on the 3d of July 1849, when that action was commenced. This is admitted by the plaintiffs. But they insist that by the completion of the railroad, in February 1849, and the stockholders' vote passed on the 9th of February 1853, the defendants are made answerable in this action. That vote authorized and instructed the directors to declare and adjust "interest dividends," by uttering certificates therefor to holders of stock, or their order, with the express understanding and agreement, that if there should not be, on the 15th of July 1856, sufficient money in the defendants' treasury to meet the full amount of said dividends, they should be paid *pro rata*, so far as the treas-

urer should then be able to pay, and that he should give notice when he should become able to pay the balance. We are of opinion that this vote entitled the holders of stock to payment of interest dividends only on the precedent condition that there should be money in the treasury. When this suit was insti--tuted, there was not, and had not been, after that vote was passed, any money in the treasury.          *Plaintiffs nonsuit.*[*]

———

[*] See *Barnard* v. *Vermont & Massachusetts Railroad,* 7 Allen, 512.